Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.M.F. and A.R.M.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:22-cv-01193-RAJ<br><br>**[UNOPPOSED] MOTION TO APPROVE SETTLEMENT INVOLVING CLAIMS OF A MINOR** |

## I. Introduction

A.R.M., a minor child, and her mother, S.M.F., filed an action against the United States under the Federal Tort Claims Act (FTCA), seeking damages for the harms they suffered as a result of the federal government's family separation policy when they entered the country in 2018. The United States has stipulated to a compromise settlement release of all claims.

Pursuant to LCR 17(c), Plaintiffs move this Court for approval of the proposed settlement on behalf of the minor plaintiff, A.R.M., who is represented by independent counsel for purposes of the settlement. Defendant has been notified of this motion and while it does not adopt or agree with the background facts set forth in Section II below, it does not oppose the relief sought by Plaintiffs in the motion and therefore does not oppose the motion.



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

## II. Background of Minor's Claims

Plaintiff A.R.M. was six years old when she fled Honduras with her mother to seek refuge in the United States. They entered the United States on or about May 10, 2018, near El Paso, Texas. Shortly after they crossed the border, they encountered U.S. Customs and Border Protection officers who apprehended them and took them to a hielera, where they were kept for two nights with other migrant mothers and their children. The frigid temperatures exacerbated A.R.M.'s asthma symptoms, as well as allergic skin reactions related to her asthma.

At some point after entering the facility, an immigration officer called S.M.F. for questioning and told her that she would be separated from her. On the morning of May 13, 2018, officers called out S.M.F.'s name. When she identified herself, an officer told her that they were going to take her daughter. A.R.M. began to cry, clinging to her mother, but the officers forcibly led her away. After separating A.R.M. from her mother, federal officers first transferred her to another detention facility in Texas, where she remained locked in a cell with around five other girls. A few days later, the government placed A.R.M. in a youth shelter in New York operated by Cayuga Center, a non-profit organization that contracts with the Office of Refugee Resettlement (ORR) to provide services to unaccompanied immigrant children. In the meantime, S.M.F. was briefly placed in federal criminal custody and prosecuted for illegal entry under 8 U.S.C. § 1325, then subsequently returned to immigration custody.

The separation of S.M.F. and A.R.M. was carried out pursuant to the Department of Justice's Zero Tolerance policy, devised to deter Central American asylum seekers at the border through systematic family separation. Under that policy, a parent who entered the United States without inspection was typically prosecuted under 8 U.S.C. § 1325, but sentenced to time served. However, in addition to any criminal prosecution, immigration officials would also separate the



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

parent from the child and then designate the child an "unaccompanied minor," placing the child in ORR custody.

Federal officers withheld exact information about A.R.M.'s whereabouts from S.M.F. from the date she was taken from her until July 2018, when the two were reunited. After the initial month of separation, A.R.M. was permitted to speak with S.M.F. before their reunification through weekly video calls, but the calls were short and monitored; when S.M.F. asked A.R.M. about her location, a social worker prevented A.R.M. from sharing any information, stating that such information was confidential. Cayuga Centers staff also failed to provide A.R.M. with adequate medical treatment, food, and sanitation, and caused severe emotional harm by placing the six-year-old under the care of "substitute parents" and telling her that her mother had permanently abandoned her.

As a result of Defendant's conduct, A.R.M. suffered physical harm, as well as lasting emotional harm. When A.R.M. was finally released from ORR custody and reunited with S.M.F., she had lost a significant amount of body weight, and her head was infested with lice. For years after their reunification, A.R.M. expressed anger towards her mother, experienced frequent nightmares, and suffered from separation anxiety.

**III. Settlement Offer and Independent Counsel's Recommendation**

Plaintiffs jointly filed this action for damages under the FTCA because their claims involve the same set of facts. Specifically, they alleged that Defendant's conduct constituted torts of intentional infliction of emotional distress, abuse of process, wrongful child abduction, and negligence. Plaintiffs sought damages for the severe harm they both suffered as a result of their unlawful separation, as well as the physical harm and emotional trauma that A.R.M. suffered as a result of Defendant's negligence while she was in ORR custody.



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Following filing, Defendant moved to dismiss all of Plaintiffs' claims. On September 25, 2023, the Court denied Defendant's motion. Dkt. 26. The parties subsequently agreed to a scheduling order and began discovery in November 2023. Dkt. 30.

While the United States does not admit liability, Defendant has offered to settle Plaintiffs' claims, and the parties reached an agreement to a proposed settlement in January 2024. Under the proposed settlement, the United States will settle and compromise all claims for a total of $270,000, paying each Plaintiff half of this amount ($135,000).

Sean Phelan, a partner at the law firm of Frank Freed Subit & Tomas, LLP, was retained to provide A.R.M. with independent legal advice and representation for purposes of the settlement. *See* Ex. A, Phelan Decl. ¶¶ 3–5. Independent counsel submits that the proposed settlement should be approved because it provides compensation for harms that are difficult to quantify and offers a resolution for an extremely traumatizing experience for A.R.M. *Id.* ¶ 9.

## IV. Fees and Costs

Consistent with 28 U.S.C. § 2678, the proposed settlement limits any attorneys' fees owed by Plaintiffs relating to this matter to 25% of the settlement amount. Plaintiffs previously entered an agreement with the Northwest Immigrant Rights Project (NWIRP) for representation in this matter, providing for a contingency fee of 25% of any judgment or settlement award. Accordingly, if the proposed settlement is approved, Plaintiffs' counsel would seek to recover $33,750 (25% of $135,000) from the amount awarded to A.R.M. Independent counsel does not seek any fees, Ex. A, Phelan Decl. ¶ 5, and believes the fee arrangement sought by Plaintiffs' counsel to be reasonable and fair to A.R.M., *id.* ¶¶ 10–11. Plaintiffs' counsel does not seek to recover any other costs.

## V. Application of Proceeds



NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Independent counsel believes it is reasonable and fair to deposit the settlement funds owed to A.R.M. after payment of attorney's fees ($101,250) into a blocked account belonging solely to A.R.M., which, pursuant to this Court's order, she will be able to access after her eighteenth birthday. *Id.* ¶ 12. NWIRP has arranged to set up a minor settlement account through Umpqua Bank, where NWIRP itself banks, upon the Court's order approving the proposed settlement. *Id.*

**VI. Request for Approval of Settlement**

Based on all of the foregoing, Plaintiffs request that the Court enter an order as follows:

1. Approving the settlement offer set forth above;
2. Finding that A.R.M. is represented by independent counsel in satisfaction of LR 17(c);
3. Directing disbursement of attorneys' fees and settlement funds as set forth above; and
4. Providing further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 7th day of February, 2024.

s/ Matt Adams
Matt Adams
matt@nwirp.org

s/ Glenda M. Aldana Madrid
Glenda M. Aldana Madrid
glenda@nwirp.org

s/ Leila Kang
Leila Kang
leila@nwirp.org

s/ Aaron Korthuis
Aaron Korthuis
aaron@nwirp.org

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, Washington 98104

Tel: +1.206.957.8611
Fax: +1.206.587.4025

*Attorneys for Plaintiffs*

s/ Sean M. Phelan
Sean M. Phelan
Frank Freed Subit & Thomas LLC
705 Second Avenue, Suite 1200
Seattle, WA 98104
Telephone: (206) 682-6711, ext. 213
Fax: (206) 682-0401
sphelan@frankfreed.com

*Attorney for Plaintiff A.R.M.*